DECISION AND JOURNAL ENTRY
William C. Mayes appeals from his conviction in the Lorain County Court of Common Pleas. The judgment followed trial by a jury that found Mayes guilty of thirty-eight counts of various sexually oriented offenses. The judge found Mayes guilty on sexually violent predator specifications for eight of the counts. This court affirms.
 I.
In the early morning hours of October 24, 1998, William Mayes' thirteen-year-old stepdaughter Heather (d.o.b. 10/24/85) called her mother Cindy Mayes at work and told her mother that Mayes had sexually molested her that day. Cindy took Heather to the Elyria Police Department and they filed a police report. Although Heather initially was reluctant to say more, she soon told detectives and a Children Services Board worker about a long history of sexual abuse by Mayes, beginning when she was five. The police asked Heather's ten-year-old sister Brittany (d.o.b. 6/13/88) whether she also had suffered such abuse. Brittany initially denied any such abuse, but two weeks later she also stated that Mayes had been sexually abusing her since she was three years old.
Mayes was arrested on October 24, 1998. A grand jury later returned two separate indictments against Mayes. One indictment contained thirty-four counts of various sexual offenses, all related to Mayes' alleged molestation of Heather. The second indictment contained four counts related to Mayes' alleged molestation of Brittany. The thirty-eight charges included twenty-two counts of gross sexual imposition, one count of attempted gross sexual imposition,[1] thirteen counts of rape, one count of felonious sexual penetration, and one count of disseminating matter harmful to juveniles. The offenses were alleged to have occurred over a period of time from approximately October 1992 to October 1998.
The case proceeded to a jury trial. The prosecution witnesses included Heather, Brittany, Cindy, and two police detectives, along with an expert witness on child abuse. A police officer testified that on October 24, 1998, after the police read Mayes his Miranda rights, Mayes talked to the police about the alleged incident that day. Mayes did not deny the allegation of abuse. Mayes did state that he could not remember anything because he suffered from memory loss due to his alcoholism.
Cindy testified that in 1991, Mayes moved into the Elyria home where Cindy resided with her three children. In 1992, she married Mayes. In 1993, the family moved to their current residence on New York Avenue in Elyria. Cindy testified that she noticed that her daughters, especially Heather, were having problems relating to Mayes starting some time in 1997. She also testified that Heather began to sleep fully clothed, sometimes even wearing her shoes to bed. Cindy testified that the defendant had been physically abusive to both her children and herself, and that he drank excessively. In April 1997, Cindy asked her husband to move out, but about November 1997 Mayes moved back into the house. Heather later testified that after Mayes moved back, there was no sexual abuse until the incident on October 24, 1998.
Both Heather and Brittany testified that Mayes subjected them to years of sexual abuse, beginning when Heather was five and when Brittany was three years old. Brittany said that on one occasion, Mayes threatened that if Brittany told anyone about the molestation he would shoot her mother. Heather also reported that Mayes threatened to harm the family if she disclosed the abuse. After extensive examination and cross-examination, both girls were very certain about when each type of abuse began, how frequently it occurred, and when the abuse ended.
At the close of the state's case, the defense made a Crim.R. 29 motion for acquittal, which the court denied. The defense called several of Mayes' friends who testified on his behalf. Mayes also testified, claiming that he was an alcoholic and that he suffered from blackouts and memory loss. However, Mayes stated that he didn't think that he could have forgotten about the alleged incidents. When asked if the girls were lying about the abuse, Mayes variously stated that the girls were lying and that because of his problems with memory loss he couldn't state definitively whether such incidents had occurred. At the close of the case, the defense renewed its Crim.R. 29 motion, which the court again denied. After a three-day jury trial, Mayes was convicted on all counts. He now appeals, assigning one error.
 II. THE [JUDGMENT] OF CONVICTION ON THIRTY EIGHT COUNTS OF GROSS SEXUAL IMPOSITION, RAPE, ATTEMPTED GROSS SEXUAL IMPOSITION, FELONIOUS SEXUAL PENETRATION, AND DISSEMINATING MATTER HARMFUL TO JUVENILES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29.
Pursuant to Crim. R. 29(A), the court must enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses alleged in the indictment. However, "a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19, 23, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. Thus, the review of a Crim.R. 29(A) motion is a review of the sufficiency of the evidence. A reviewing court, when considering the trial court's ruling on a Crim.R. 29(A) motion for judgment of acquittal, construes the evidence in a light most favorable to the State. Statev. Wolfe (1988), 51 Ohio App.3d 215, 216.
Mayes also claims that the verdict was against the manifest weight of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) Statev. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. When an appellate court reviews the weight of the evidence.
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. State v. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported, at 9.
For the reasons outlined below, this court concludes that the evidence, both at the close of the state's case in chief and after defense rested, was sufficient for the case to go to the jury. We also conclude that the verdict was supported by the weight of the evidence.
 A. Felonious Sexual Penetration
Mayes was charged with one count of felonious sexual penetration against Brittany, in violation of R.C.2907.12(A)(1)(b), as it existed at the time of the offense, prior to July 1, 1996. To obtain a conviction on the felonious sexual penetration charge, the state was obliged to prove that Mayes (1) inserted "any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of" (2) Brittany, (3) who was not his spouse, and (4) who was less than thirteen years of age. R.C.2907.12(A)(1)(b).
Brittany testified that on one occasion Mayes inserted his finger into her vagina, when she was three years old, sometime between June 13, 1991 and June 13, 1992.[2]
This evidence was presented during the prosecution's case in chief, and was sufficient, if believed, to sustain a conviction for felonious sexual penetration.
B. Gross Sexual Imposition Against a Person Younger than Thirteen
To obtain a conviction on each gross sexual imposition charge, the state was obliged to prove that Mayes (1) had sexual contact (2) with Heather or Brittany, (3) who was not his spouse, and (4) who was less than thirteen years of age. R.C. 2907.05(A)(4). Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Mayes was charged with one count of gross sexual imposition against Brittany and twenty counts against Heather.
Brittany testified that Mayes touched her genital area with his penis, unsuccessfully attempting penetration.
Heather testified that beginning when she was seven years old, and continuing until she was approximately ten years old, Mayes sexually abused her by touching her breasts and genital area, and inserting his finger in her vagina. She reported that this occurred two to three times a week, continuing for a period of approximately three years. Heather also testified that after about the age of ten, the sexual contact continued, "once or twice every three months."
This evidence was sufficient, if believed, to sustain convictions for twenty counts of gross sexual imposition involving Heather and one count of gross sexual imposition involving Brittany.
Gross Sexual Imposition Involving Force or Threat of Force
Mayes was charged with one count of gross sexual imposition involving force and one count of attempted gross sexual imposition involving force against Heather. Both offenses were alleged to have occurred on October 24, 1998. To obtain a conviction on each gross sexual imposition charge, the state was obliged to prove that Mayes (1) had sexual contact (2) with Heather, (3) who was not his spouse, and (4) by use of force or threat of force. R.C. 2907.05(A)(1). Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
Heather testified that on October 24, 1998, Mayes forced himself on Heather, touched her chest, and attempted to put his hands down her pants. After struggling with Mayes, Heather was able to pull away from him, and she called her mother. This evidence, if believed, was sufficient to support a conviction on forcible gross sexual imposition and attempted gross sexual imposition.
 D. Rape
To obtain a conviction on each rape charge, the state was obliged to prove that Mayes (1) engaged in sexual conduct (2) with Heather or Brittany, (3) who was not his spouse, and (4) who was less than thirteen years of age. R.C.2907.02(A)(1)(b). At the time of most of these offenses, sexual conduct was defined as "vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).[3] Mayes was charged with one count of rape against Brittany and twelve counts of rape against Heather.
Brittany testified that Mayes forced her to perform fellatio on him, beginning when she was six years old, and continuing until April 1997 when Mayes moved out, when Brittany was eight years old.
Heather testified that beginning when she was eight years old, Mayes forced her to perform fellatio on him approximately once a week. This continued on a weekly basis until she was nine years old. However, until Mayes moved out in April 1997, when Heather was eleven years old, the abuse occurred "maybe once or twice every three months." This evidence was sufficient, if believed, to support convictions for one count of rape of Brittany, and twelve counts of rape of Heather.
 E. Disseminating Harmful Material to a Juvenile
Mayes was charged with one count of disseminating pornography to Brittany. To obtain a conviction on the harmful dissemination charge, the state had to prove that Mayes (1) recklessly (2) disseminated or presented (3) any harmful material (4) to Brittany (5) who was a juvenile. R.C. 2907.31(A)(1). Material is harmful to a juvenile if it is offensive to the prevailing adult community standards concerning suitable material for juveniles and it contains a display or description of sexual activity. R.C. 2907.01(E) and (E)(2).
Brittany testified that when she was about six years old, when she was living on New York Avenue in Elyria, Mayes showed her a pornography film. Heather also testified that Mayes forced her and Brittany to watch a pornography film. Heather testified that she was in the fourth grade, "probably about ten" years old at the time.
This evidence was sufficient, if believed, to support a conviction on the charge of disseminating harmful material to minors.
As to the weight of the evidence, Mayes' appellate brief summarily states that "there is clearly question [sic] as to how many incidents [the victims] testified to taking place, and also the dates of these and their ages [sic]." A review of the trial transcript indicates that this argument is without merit. Furthermore, this court has stated that the prosecution is not required to prove the exact date of each offense in a case involving the sexual abuse of a child.State v. McDougal (June 7, 2000), Lorain App. No. 99CA007405, unreported, at 3-4, quoting State v. Mundy
(1994), 99 Ohio App.3d 275, 296.
The two victims gave lengthy testimony and were subject to extensive cross-examination. They offered detailed accounts of the sexual abuse, which were not contradicted. Furthermore, when Mayes himself testified, he did not categorically deny the charges. This court cannot conclude that in resolving the conflicts in the evidence, the jury clearly lost its way in rendering verdicts of guilty as to all counts.
 III.
Having found that the judgment of the court was supported by the weight of the evidence, and therefore is supported by sufficient evidence, we overrule appellant's assignment of error and affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
CARR, J.
 CONCUR
[1] Originally indicted as gross sexual imposition, but amended to attempted gross sexual imposition.
[2] The original time frame stated in the indictment was June 13, 1994 to June 13, 1996. The court permitted the prosecution to amend the indictment to include the alleged time of the offense noted here.
[3] Effective September 3, 1996, certain changes were made to this definition. The changes do not affect the outcome of this case.